IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAREN ANN ISHEE PARSONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV Action No.: _____ |
| ) | |
| BRIGHT HOUSE NETWORKS, ) | |
| LLC ) | |
| ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Karen Ann Ishee Parsons, individually and as representative of a Class of similarly situated individuals, brings this Complaint against Bright House Networks, LLC ("Bright House"):

## INTRODUCTION

1.   This is a class action brought on behalf of all persons who purchase premium cable services from Defendant in the United States. Defendant's premium cable customers have no choice but to pay a rental fee for a "cable box" in order to view the cable television for which they pay a separate fee. Defendant's actions constitute an unlawful tying arrangement resulting in an impermissible restraint of trade in violation of federal law.

2.   Defendant's activities have and will continue to threaten to have

1

adverse, competitive effects on interstate commerce and on commerce within the United States.

3. Plaintiff is a citizen of the State of Alabama and resides in Birmingham, Alabama.

4. At all times relevant hereto, Plaintiff has been a subscriber to premium cable services provided by Defendant.

5. Plaintiff brings this action on her own behalf and on behalf of the following class of persons:

> All persons in the United States who subscribed to Bright House Networks, LLC for premium cable television services and paid a monthly rental fee for an accompanying cable box ("the Class").

Excluded from the Class are Defendant; officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs or assigns of Defendant; and any federal, state or local governmental entity, and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staffs. Plaintiff reserves the right to modify or amend this Class definition if discovery and/or further investigation so necessitate.

6. Bright House is a Delaware Limited Liability Corporation with its principal place of business in Stamford, Connecticut, registered to do business in

Alabama.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 in that Plaintiff on her own behalf and on behalf of the Class, asserts claims under the Sherman Anti-Trust Act, 15 U.S.C. §§ 1 and 2.

8. Venue is proper in the Northern District of Alabama 28.U.S.C. §§ 1391 and 15 U.S.C. § 22.

## FACTUAL BACKGROUND COMMON TO ALL CLASS MEMBERS

9. Bright House is a provider of cable services in delineated markets in the United States, including Birmingham, Elmore County, and Eufaula, Alabama; Central Florida and Tampa, Florida; Bakersfield, California; Indianapolis, Indiana; and Metro Detroit, Michigan.

10. Customers subscribe to Bright House for cable services and pay a monthly fee based on the level of service provided. Plaintiff and the Class are Bright House customers who have elected to receive "premium" services including, but not limited to, high definition ("HD") television services, digital cable services, digital On-Demand services, digital video recorder ("DVR") services, and premium movie channels such as HBO, Showtime or Cinemax.

11. Customers such as Plaintiff and the Class pay a higher monthly fee for cable services than customers who elect to receive only "basic" or "standard" cable

television services.

12. In addition to paying a higher monthly fee for premium cable television service, Plaintiff and the Class are also required to pay a monthly rental fee to Bright House for a cable box. The cable box consists of a converter box and cable descrambler. The cable box is required in order for Plaintiff and the Class to use the premium services for which they pay a higher monthly fee. In other words, the premium channels can only be viewed by, and premium services can only be used by, Bright House customers who also have a Bright House cable box.

13. Bright House requires Plaintiff and the Class to rent a cable box directly from Bright House and not from any other source, even though cable boxes, which would readily permit Plaintiff and the Class to view the Bright House premium channels and use the Bright House premium services, are available on the open market. Thus, Bright House ties its premium cable services to the cable box which it requires Plaintiff and the Class to rent. Importantly, the premium cable services and the cable box are separate and distinct products.

14. Although cable boxes are manufactured by many different companies, Motorola and Scientific Atlanta dominate the market and sell their cable boxes to various cable companies including Bright House. If not for the tying of the premium cable services to the cable box, Plaintiff and the Class could purchase, or

rent, a cable box from the manufacturer or provider of their choice and use that box to view premium channels or use premium services provided by Bright House.

15. The choice to use other cable boxes is not available to Plaintiff or the Class because of Bright House's practice of tying the premium cable services to the cable boxes. In addition, Bright House refuses to sell the cable boxes to its customers thereby forcing customers to pay monthly rental fees which eventually, within a number of months, exceed the value of the cable box. Thus, by tying the premium services to the cable box, Bright House forces Plaintiff and the Class to pay a significantly greater sum for cable television than would be required if the two products remained distinct.

16. Plaintiff believes Bright House purchases cable boxes from manufacturers, such as Motorola and Scientific Atlanta, at a fixed and relatively low cost only to turn around and rent those boxes to Class, with full knowledge that the Class, because of Bright House's improper conduct, has no choice but to pay the rental fees charged by Bright House. Plaintiff believes the cable box market involves a significant amount of interstate commerce.

## CLASS ACTION ALLEGATIONS

17. <u>Class Definition</u>: Pursuant to Fed.R.Civ.P. 23(b)(1), (2) and (3), Plaintiff brings this action on behalf of herself and all others similarly situated, as

members of the proposed Plaintiff Class. The proposed Plaintiff Class is defined as follows:

> All persons in the United States who subscribed to Brigth House Networks, LLC for premium cable television services and paid a monthly rental fee for an accompanying cable box.

18.  Numerosity: The members of the Class are so numerous that their individual joinder would be impracticable in that: (a) the Class includes hundreds of thousands, if not millions of individual members; (b) the precise number of Class members and their identities are unknown to Plaintiff but are well known to Bright House and can easily be determined through discovery; (c) it would be impractical and a waste of judicial resources for each of the millions of individual Class members to be individually represented in separate actions; and (d) the relatively small amount of damages suffered by some of the Class members does not make it economically feasible for those Class members to file an individual action to protect their rights.

19.  Commonality/Predominance: Common questions of law and fact predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

   a.   Whether Bright House is liable to Plaintiff and the Class for violations of federal antitrust laws;

 b. Whether Bright House has established an unlawful tying arrangement for the rental of cable boxes, in violation of federal laws;

 c. Whether Bright House's actions have caused damages to Plaintiff and the Class;

 d. Whether Bright House should be enjoined from further violations of the federal laws;

 e. Whether Bright House is liable to the Plaintiff the Class for treble damages as a result of its violation of federal antitrust laws;

20. <u>Typicality:</u> Plaintiff is typical of the claims of the Class members. Plaintiff and all Class members have been injured by the same wrongful practices engaged in by Bright House. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

21. <u>Adequacy:</u> Plaintiff will fully and adequately assert and protect the interests of the Class. Plaintiff retained counsel who is experienced in class actions and complex mass tort litigation. Neither Plaintiff nor their counsel have interests contrary to or conflicting with the interests of the Class.

22.     <u>Superiority:</u> A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims by each of the Class members is economically unfeasible and impractical. While the aggregate amount of the damages suffered by the class is in the millions of dollars, the individual damages suffered by each of the Class members as a result of the wrongful conduct by Bright House are too small to warrant the expense of individual lawsuits. Even if the individual damages were sufficient to warrant individual lawsuits, the court system would be unreasonably burdened by the number of cases that would be filed.

23.     Plaintiff does not anticipate any difficulties in the management of this litigation.

**COUNT I**
**VIOLATION OF THE SHERMAN ANTITRUST ACT**
**UNLAWFUL TYING**

24.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein at length.

25.     The Sherman Antitrust Act makes it unlawful to enter into a contract in restraint of trade or commerce. 15 U.S.C. § 1. Congress has granted a private right of action to individuals harmed by violations of this Act. 15 U.S.C § 15.

26. Plaintiff, on her own behalf and on behalf of the Class, seeks to recover damages they suffered as a result of Bright House's violation of the Sherman Antitrust Act.

27. Bright House improperly ties and bundles its premium cable services with the required rental of a cable box. Specifically, Bright House contracted with Plaintiff and all Class members, to provide premium cable services but only on the condition that Plaintiff and all Class members, also pay a monthly rental fee to Bright House for a cable box necessary to view and use the premium services.

28. No member of the Class, including Plaintiff can unbundle or untie the two products, i.e., premium cable services and the cable box.

29. As a result, Plaintiff and the Class are forced to pay rental fees for the cable box in addition to the increased fees they pay for premium cable services. Bright House's conduct is even more egregious given that Bright House is the sole provider of cable services in many areas it services.

30. At all times relevant hereto, Bright House has maintained, and exerted sufficient economic and market power to coerce Plaintiff and the Class to pay rent for the cable box and accept the tied products.

31. Bright House's improper tying of the cable box to the premium cable service harms competition. Upon information and belief, the cable box market is dominated by two manufacturers, both of which sell products to Bright House.

Since Plaintiff and the Class can only rent a cable box directly from Bright House, there is little incentive for other manufacturers to enter the market, and those that do are precluded from renting or selling their products to Plaintiff and the Class at lower, market-driven prices.

32. There is a market for cable boxes separate and apart from the Bright House premium cable services; the two products are separate and distinct products. In fact, an individual can find cable boxes for sale on the open market today, but Bright House refuses to permit a customer to use his or her own cable box when subscribing to Bright House's premium services.

33. At all times relevant hereto, Bright House has maintained sufficient power in the cable market to force Plaintiff and the Class to accept the rental arrangement which they otherwise would not accept absent Bright House's extraordinary economic and market power.

34. Bright House's conduct has a substantial impact on interstate commerce in the market for cable boxes.

35. Bright House's bundling and tying of premium cable services and the cable box is an unreasonable restraint of trade in violation of the Sherman Antitrust Act.

36. Bright House's conduct has been, and continues to be, the direct cause of damage to the Plaintiff and the Class.

37. There is no lawful business justification for Bright House's conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf and on behalf of the Class, demands judgment in their favor and against Defendant as follows:

a. For an Order certifying the Class pursuant to Fed.R.Civ.P. 23 appointing Plaintiff as the representative of the Class, and appointing counsel for Plaintiff counsel for the Class;

b. For an Order that Bright House violated the Sherman Antitrust Act, 15 U.S.C. § 1;

c. For an Order enjoining Bright House from continuing the practice of tying premium cable services to the rental of a cable box from Bright House;

d. For an award of all compensatory and other damages suffered by Plaintiff and the Class;

e. For an award of all statutory damages under both the Sherman Antitrust Law;

f. For an award of all costs incurred by Plaintiff in pursuing this action;

g. For an award of reasonable attorneys' fees; and

h. For any other relief the Court deems reasonable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable.

Dated: February 10th, 2009

Respectfully submitted,

*B. Cl*

Dennis G. Pantazis (PAN001)
Brian M. Clark (CLA053)

**OF COUNSEL:**
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500

Please serve Defendant via Certified Mail at the following address:

Bright House Networks, LLC
Registered Agent: The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Of Counsel:

*B. Cl*