FILED
2014 Aug-19 AM 09:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KAREN PARSONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | 2:09-cv-267-AKK |
| BRIGHTHOUSE NETWORKS, ) | |
| LLC ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT; GRANTING APPROVAL OF FORM AND CONTENT OF NOTICE TO CLASS MEMBERS; SETTING THE OBJECTION DEADLINE; SCHEDULING THE FINAL FAIRNESS HEARING; APPOINTING CLASS COUNSEL; AND SETTING DATE FOR THE FILING OF A MOTION FOR THE AWARD OF ATTORNEYS' FEES AND EXPENSES**

WHEREAS, on August 12, 2014, the parties to the above-entitled action (the "Action"), Plaintiff Karen Parsons ("Plaintiff") and Defendant Bright House Networks, Inc. ("BHN" or "Defendant") (together, the "Parties") entered into a Stipulation of Settlement (the "Settlement Agreement") which is subject to review under Rule 23(e) of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement

of the Plaintiff's claims and those of the proposed Settlement Class on the merits and with prejudice and without costs; and

WHEREAS, the Court having read and considered the Settlement Agreement and the accompanying documents, and the Parties to the Settlement Agreement having consented to the entry of this Order, and all capitalized terms used herein having the meanings defined in the Settlement Agreement;

IT IS HEREBY ORDERED this 18th day of August, 2014 that:

1. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Fairness Hearing described below. The Court preliminarily concludes that the Settlement Agreement, including the releases contained therein, is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, was entered into at arm's length by highly experienced counsel, and is sufficiently within the range of reasonableness to warrant the scheduling of the Final Fairness Hearing, and the distribution of the Notice of Class Settlement to members of the Settlement Class, each as described in this Preliminary Approval Order.

2. The Court hereby appoints Whatley Kallas, LLP, Wiggins, Childs, Quinn and Pantazis, LLC, and Quinn, Connor, Weaver, Davies & Rouco as Class Counsel, having determined that they are experienced and skilled attorneys capable of fairly and adequately representing the interests of the Class, and that the requirements of

Fed. R. Civ. P. 23 are fully satisfied by this appointment.

3. A Final Fairness Hearing (the "Final Fairness Hearing") shall be held before the Court on January 30, 2015, at 9:00 a.m. in the United States District Court for the Northern District of Alabama, in Birmingham, Alabama, for the purposes of:

(a) Determining whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court, and whether the Order and Final Judgment provided for in the Settlement Agreement should be entered thereon;

(b) Determining whether the proposed allocation of the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(c) Determining whether Class Counsel's application for an award of attorneys' fees and reasonable expenses should be granted; and

(d) Ruling on such other matters as the Court may deem appropriate.

The Court may adjourn the Final Fairness Hearing or any adjournment thereof without further notice to the Class other than by announcement at the Final Fairness Hearing or any adjournment thereof.

4. The Court approves the form, substance and requirements of the Notices attached as Exhibits 4 through 6 to the Declaration of Joe R. Whatley, Jr. (the "Whatley Decl."), and the Claim Form attached as Exhibit 7 to the Whatley Decl.

5. The Court approves the Notice Program and orders that it be implemented as follows:

- Within thirty (30) days of the Preliminary Approval Order (that is, by September 17, 2014), BHN shall generate from its reasonably accessible customer records a list of customers who fall within the Settlement Class. Class Notice in the form of Exhibit 4 to the Whatley Decl. (the "Mailed Notice") will be sent to each Class Member who is a current customer of BHN in a monthly billing statement during the first billing cycle after the date sixty (60) days after the entry of the Preliminary Approval Order (October 17, 2014). The Mailed Notice shall be sent to the last known address reflected in BHN's records.

- In addition, notice in the form attached as Exhibit 5 to the Whatley Decl. (the "Publication Notice") will be published in *Parade* magazine and *USA Today*, one time each, within sixty (60) days of the entry of the Preliminary Approval Order (that is, by October 17, 2014).

- A retained class settlement administrator will establish an internet website containing information about the Settlement (the "Settlement Website"). The Settlement Website will be accessible no later than

thirty (30) days after a Preliminary Approval Order – by September 17, 2014. The Settlement Website will provide access to the following information: (i) the full text of the Settlement Agreement; (ii) the notice in the form attached as Exhibit 6 to the Whatley Decl. (the "Long-Form Notice"); (iii) the Preliminary Approval Order and other relevant orders of the Court; (iv) Settlement Class Counsel's fee application (when it is filed) and (v) contact information for Settlement Class Counsel and the Claims Administrator. All forms of the Notice will set forth the objection and opt-out deadlines, will contain the HTML or web address for the Settlement Website where pertinent information concerning the Settlement will be available, and will include a toll-free telephone number at which assistance will be available. All forms of the Notice will also be posted on the firm websites of Plaintiff's Counsel.

4. The Court finds that the distribution of the Notice, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

5. Class Members shall be given the opportunity to request exclusion from the Class. Class Members who not want to participate in the proposed Settlement must send a written request to opt out of the Settlement to the Settlement Administrator, RG/2 Claims Administration LLC, postmarked no later than December 16, 2014, which opt-out request must include the Class Member's name, address, telephone number, federal Social Security Number or Tax Identification Number, and original signature. Opt-out requests must be submitted to:

> RG/2 Claims Administration LLC
> P.O. Box 59479
> Philadelphia, PA 19102-9479

6. Class Members who opt out of the Settlement will not be entitled to receive any payment or account credit, and their claims against BHN will not be released. Class members who opt out will be free to pursue any claims they believe they have (consistent with applicable law and rules of procedure) by filing a separate action against BHN on their own.

7. Class Members will be given the opportunity to file a statement with the Court setting forth any objections they may have to the Settlement.

8. The Court will consider Class Members' objections to the Settlement only if such objections and any supporting papers are filed in writing with the Clerk of the Court no later than sixty (60) days after the deadline for mailing of notice set forth in paragraph 5 of this Order (December 16, 2014) at the following address:

> Clerk of the Court
> U.S. District Court for the Northern District of Alabama
> Hugo Black United States Courthouse
> 1729 5th Avenue North
> Birmingham, AL 35203

and copies of all such papers are served by mail or private delivery service (postmarked or received for delivery (as applicable) no later than sixty (60) days after the deadline for mailing of notice set forth in paragraph 5 of this Order (December 16, 2014) upon each of the following:

| | |
|---|---|
| Joe R. Whatley, Jr. | Robert G. Kidwell |
| **WHATLEY KALLAS, LLP** | **MINTZ, LEVIN, COHN, FERRIS,** |
| 2001 Park Place North | **GLOVSKY AND POPEO, P.C.** |
| 1000 Park Place Tower | 701 Pennsylvania Avenue, NW, |
| Birmingham, AL 35203 | Suite 900 |
| Tel: (205) 488-1200 | Washington, DC 20004 |
| Fax: (800) 922-4851 | Telephone: 202-434-7300 |
| | Fax: 202-434-7400 |
| *Attorneys for Plaintiff Karen Ann Ishee Parsons* | *Attorneys for Defendant* |

9. Any Class Member that files and serves a timely written objection may also appear at the Settlement Fairness Hearing either in person or through counsel retained at the Class Member's expense. Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and the proposed allocation of the proceeds of the Settlement are required to indicate in their written objection their intention to appear at the Settlement Fairness Hearing.

10. Class Members that intend to object to the proposed Settlement and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

11. Unless the Court otherwise directs, no member of the Class shall be entitled to object to the Settlement or otherwise to be heard, except by serving and filing written objections as described above. Any Class Member that fails to object in the manner provided above shall be deemed to have waived such objection and shall forever be barred from making any such objection in this Action or in any other action or proceeding. The Court shall not consider comments and/or objections filed by individuals that excluded themselves from the Class.

12. Any motion for an award of attorneys' fees and/or expenses by Class Counsel shall be filed with the Court no later than thirty (30) days before the Final Fairness Hearing (that is, by December 31, 2014).

13. If any specified condition to the Settlement set forth in the Settlement Agreement is not satisfied and Class Counsel or Counsel for BHN elect to terminate the Settlement as provided in the Settlement Agreement, then, in any of such events, the Settlement Agreement, the Settlement proposed in the Settlement Agreement (including any amendments thereof), and any actions taken or to be taken with respect to the Settlement proposed in the Settlement Agreement, and the Settlement shall be of no further force or effect and shall be null and void, and shall be without prejudice to any of the parties hereto, which shall be restored in all respects to their respective positions existing prior to the execution of the Settlement Agreement, except that Defendant shall not be entitled to reimbursement of sums expended for the mailing and distribution of the Notice as directed by this Order.

14. The Court reserves the right to approve the Settlement Agreement and the Settlement with modifications and without further notice to Class Members, and retains jurisdiction over this Action to consider all further applications arising out of or connected with the proposed Settlement.

15. Pending final determination of whether the Settlement should be approved, Plaintiffs and all Class Members, and any of them, are hereby

barred and enjoined from asserting, commencing, prosecuting, assisting, instigating or in any way participating in the commencement or prosecution of any action asserting any Settled Claims.

**DONE** this 19th day of August, 2014.

_____
                **ABDUL K. KALLON**
        UNITED STATES DISTRICT JUDGE